**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN DEON BRAZIER, | No. 17-15898 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00787-LJO-MJS |
| v. | |
| JEFFREY A. BEARD; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

California state prisoner Kevin Deon Brazier appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action arising from defendants' failure to grant him a kosher diet.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams v.*

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Brazier failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies, or whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing limited circumstances under which administrative remedies are deemed unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**